Soheyl Tahsildoost (Bar No. 271294)
THETA LAW FIRM, LLP
12100 Wilshire Blvd. Suite 1070
Los Angeles, CA 90025
Telephone: (424) 297-3103
Facsimile: (424) 286-2244
eservice@thetafirm.com

Attorneys for Defendant Aston Martin Lagonda of North America, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM BAK, an individual and DOES 1-100 inclusive,<br><br>Plaintiffs,<br><br>vs.<br><br>ASTON MARTIN LAGONDA OF NORTH AMERICA, INC., a Limited Liability Corporation, GALPIN ASTON MARTIN, a California Corporation, and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-00093<br>[County of Los Angeles Superior Court Case No. 24STCV31153]<br><br>**ASTON MARTIN LAGONDA OF NORTH AMERICA, INC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331 & 1446; DECLARATION OF SOHEYL TAHSILDOOST**<br><br>Complaint Filed: November 25, 2024 |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331 and 1446, Defendant Aston Martin Lagonda of North America, Inc. ("AMLNA"), by its undersigned attorneys, hereby removes the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California. Defendant AMLNA states as follows:

**Jurisdiction and Authority for Removal**

1) On November 25, 2024, an action was commenced by Plaintiff ABRAHAM BAK ("Plaintiff") against Defendant AMLNA in the Superior Court of the State of California for the County of Los Angeles, entitled "ABRAHAM BAK, an individual and DOES 1-100 inclusive vs. ASTON MARTIN LAGONDA OF NORTH AMERICA, INC.,

1

a Limited Liability Corporation, GALPIN ASTON MARTIN, a California Corporation, and DOES 1-100, inclusive" ("State Court Case"), Case No. 24STCV31153. The summons and Complaint were served on AMLNA on December 6, 2024. This removal is therefore timely under 28 U.S.C. §1446(b).

2) Attached hereto as **Exhibit A** are all the documents served on the removing Defendant AMLNA in the State Court Case, including a copy of the conformed State Court Case complaint.

3) The Central District of California encompasses County of Los Angeles. Venue is appropriate based on the fact that this action was filed in County of Los Angeles and based on the allegations in the Complaint in the State Court Case.

4) The Court has Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331, because the fifth cause of action arises under the Federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq., and satisfies the necessary amount in controversy under that statute.

5) Federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action "arises under" the federal law within the meaning of 28 U.S.C. § 1331 if: (1) federal law creates the cause of action, or (2) the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983).

6) This Court has original jurisdiction of Plaintiff's fifth cause of action since this cause of action arise under a federal statute, i.e. 15 U.S.C. § 2301 et seq., otherwise known as the Magnuson-Moss Warranty Act.

7) 15 U.S.C. § 2310(d)(l)(B) of the Magnuson-Moss Warranty Act states in part that a consumer who is damaged by a warrantor's failure to comply with a warranty "may bring suit for damages and other legal and equitable relief in an appropriate district Court of the United States, subject to paragraph (3) of this subsection." Paragraph (3) goes on to

2

**ASTON MARTIN LAGONDA OF NORTH AMERICA, INC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331 & 1446; DECLARATION OF SOHEYL TAHSILDOOST**

state that "[n]o claim shall be cognizable in a suit brought under paragraph (l)(B) of this subsection ... if the amount in controversy is less than the sum or value of $50,000.00 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit ... "15 U.S.C. § 2310(d)(3)(B).

8) Plaintiff is seeking recission or restitution, including the entire price paid or payable for the subject vehicle (a 2019 Aston Martin DB11 Volante, having VIN SCFRMFCW6KGM06973, which Plaintiff alleges Plaintiff purchased), general damages, punitive damages, actual damages, a civil penalty of two times the amount of Plaintiff's actual damages pursuant to California Civil Code section 1794 subdivision (c), along with attorneys' fees, and costs of suit. (Exhibit A, Complaint ¶¶ 14-17; pg. 18:11-18. ("Prayer for Relief".) Exhibit A to Plaintiff's Complaint shows that the contract price of the vehicle is $200,105.81. Even the cash price of the vehicle alone, without accounting for any tax, license, registration, and other official fees, was $179,950.00. (Id.) The amount in controversy requirement may be established by showing that such damages are "facially apparent" from the Plaintiff's Complaint, or by setting forth facts in the notice of removal that support a finding of the requisite amount. See *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999).

9) In addition, civil penalties under the Song-Beverly Act are properly included in the amount in controversy. *Brady v. Mercedes Benz,* 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002); *See* also *Chabner v. United of Omaha Life Ins. Co.,* 225 F.3d 1042, 1046, n.3 (9th Cir. 2000) (civil penalties under Cal. Civ. Code§ 52, subd. (a) and punitive damages are included in the amount in controversy). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co. v. Owens,* 135 S.Ct. 547, 553 (2014). Plaintiff's civil penalty claim requests a penalty equal to double the amount of actual damages. Therefore, the potential liability to AMLNA in this action, assuming a maximum civil penalty award, and accounting for any buyout of

3

ASTON MARTIN LAGONDA OF NORTH AMERICA, INC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331 & 1446; DECLARATION OF SOHEYL TAHSILDOOST

the vehicle is $600,317.43.  This is **before** accounting for any incidental and consequential damages Plaintiff claims.  As such, the amount in controversy of $50,000.00 is met.

### Notice to Plaintiff and the Superior Court of Removal of the Civil Action

10) Defendant AMLNA will promptly serve a copy of this Notice of Removal on counsel for Plaintiff and all parties and will file a copy of this Notice of Removal with the Clerk of the Superior Court of California for the County of Los Angeles pursuant to 28 U.S.C. § 1446(d).

Dated:  January 3, 2025          THETA LAW FIRM, LLP

_____
SOHEYL TAHSILDOOST
Attorney for Defendant Aston Martin Lagonda of North America, Inc.

4

**ASTON MARTIN LAGONDA OF NORTH AMERICA, INC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331 & 1446; DECLARATION OF SOHEYL TAHSILDOOST**

# DECLARATION OF SOHEYL TAHSILDOOST

I, Soheyl Tahsildoost, declare as follows:

1. I am a partner in the law firm of Theta Law Firm, LLP, attorneys of record for Defendant Aston Martin Lagonda of North America, Inc ("AMLNA"). This declaration is offered in support of AMLNA's Notice of Removal to the United States District Court for the Central District of California under 28 U.S.C. § 1331 and 1446. If called as a witness, I could and would competently testify under oath to the following facts of which I have personal knowledge.

2. Defendant AMLNA was served with Plaintiff's Summons and Complaint on December 6, 2024. A true and correct copy of all the documents served on Defendant AMLNA in this action are attached hereto as **Exhibit A**, which includes the Summons and Complaint. As part of the Complaint in the State Court action, Plaintiff included the sales contract for Plaintiff's purchase of the subject vehicle.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 3, 2025 at Los Angeles, California.

_____
SOHEYL TAHSILDOOST

**ASTON MARTIN LAGONDA OF NORTH AMERICA, INC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331 & 1446; DECLARATION OF SOHEYL TAHSILDOOST**

# PROOF OF SERVICE

I am over the age of 18, not a party to this action, and employed in the county where this mailing occurred. My business address is 12100 Wilshire Blvd. Suite 1070, Los Angeles, CA 90025. My Eservice address is: eservice@thetafirm.com. On **January 3, 2025,** I served the following documents described as **ASTON MARTIN LAGONDA OF NORTH AMERICA, INC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331 & 1446; DECLARATION OF SOHEYL TAHSILDOOST,** as follows:

| | |
|---|---|
| Natan Davoodi, Esq. (SBN 282806)<br>The Law Offices of Natan Davoodi, Esq.<br>3580 Wilshire Blvd., Suite 1260<br>Los Angeles, CA 90010<br>Phone: 310-889-4554<br>Fax: 213-382-4083<br>NatanDavoodi@natandavoodilaw.com | |

☐   BY MAIL: I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with proper postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.

☐   BY PERSONAL SERVICE: I delivered such envelope by hand to the individual(s) listed on the above service list.

☒   BY ELECTRONIC TRANSMISSION: I caused to be electronically transmitted such document referenced above to the individual(s) listed on the above service list.

☐   BY FACSIMILE TRANSMISSION: I transmitted the facsimile to the individual(s) listed on the above service list at the facsimile number listed thereon. The telephone number on the facsimile machine I used is (424) 286-2244.

☐   BY OVERNIGHT DELIVERY: I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person at the above-address. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **January 3, 2025** at Los Angeles, California.

/s/Carlyn Lackey
Carlyn Lackey

**ASTON MARTIN LAGONDA OF NORTH AMERICA, INC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331 & 1446; DECLARATION OF SOHEYL TAHSILDOOST**